# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

GERALD W. CHADWICK, )
)
    Petitioner, )
)
v. ) Case No. CIV 09-168-RAW-KEW
)
JANE STANDIFIRD, Warden, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at John Lilley Correctional Center in Boley, Oklahoma, attacks his conviction in Marshall County District Court Case Number CF-2005-208 for Possession of Controlled Dangerous Substances with Intent to Distribute (Count 1) and Possession of a Firearm While Committing a Felony (Count 3). He alleges he was denied due process, because the state court lacked jurisdiction to impose his concurrent 30-year sentences after he failed to complete his participation in the Drug Court program.

The respondent alleges petitioner's claim is both unexhausted and procedurally barred. The respondent has expressly waived exhaustion on this claim for the purposes of federal habeas corpus review, pursuant to 28 U.S.C. § 2254(b)(3). Because the trial court reviewed petitioner's claim on the merits in his post-conviction proceedings, the respondent argues the claim as if it were properly pled.

The following records have been submitted to the court for consideration in this matter:

    A.    Petitioner's Summary of Facts for his guilty plea in Case No. CF-2005-208.

    B.    The State's Application to Remove Participant from Drug Court and to Impose Sentence.

    C.    Petitioner's Judgment and Sentence in CF-2005-208.

D. Petitioner's Application for Post-Conviction Relief.

E. The trial court's Order Overruling Application for Post-Conviction Relief in Case No. CF-2005-208, entered on Jan. 12, 2009.

F. Petitioner's post-conviction appeal.

G. Order Affirming Denial of Post-Conviction Relief. *Chadwick v. State*, No. PC 2009-118 (Okla. Crim. App. Apr. 6, 2009).

The record shows that petitioner pled guilty to the charges in Case No. CF-2005-208 and was sentenced to participation in the Drug Court program (DCP), completion of which would have allowed him to finish his sentences on probation. His plea agreement stated that failure to complete the DCP would result in a 30-year term of imprisonment. He violated the conditions of his participation, and petitioner, represented by counsel, stipulated to the allegations in the State's Application to Remove Participant from Drug Court and to Impose Sentence. Petitioner's DCP participation was terminated, and he was sentenced according to the plea agreement.

Petitioner's state post-conviction application challenged his eligibility for the DCP because of his prior felony convictions, and it raised his claim that the trial court lacked jurisdiction to impose a deferred or suspended sentence or to revoke his suspended sentence. The trial court denied relief, holding that multiple prior felony convictions do not bar eligibility to participate in the DCP, and finding that petitioner never filed an application to withdraw his plea. *State v. Chadwick*, No. CF-2005-208 (Marshall County Dist. Ct. Jan. 12, 2009). On appeal, the Oklahoma Court of Criminal Appeals found that petitioner's claim was procedurally barred and affirmed the trial court's denial of post-conviction relief. *Chadwick v. State*, No. PC 2009-118 (Okla. Crim. App. Apr. 6, 2009).[1]

In support of his claim, petitioner cites Okla. Stat. tit. 22, § 991a(C), which states: "The provisions of paragraph 1 of subsection A of this section shall not apply to defendants

---

[1] Petitioner admits in his amended petition that his prior felony convictions were not a bar to the Drug Court program [Docket No. 16 at 5].

being sentenced upon their third or subsequent to their third conviction of a felony . . . ." The referenced subsection allows a trial court to "[s]uspend the execution of sentence in whole or in part, with or without probation" Okla. Stat. tit. 22 § 991a(A)(1). Petitioner argues the trial court failed to comply with this statute, thus violating his due process rights. The respondent asserts petitioner's ground for relief is not proper for federal habeas review.

> The habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. ___, ___, 131 S.Ct. 13, 15 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

*Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011).

The respondent further asserts the trial court did not fail to follow Oklahoma law, and petitioner was not given a suspended sentence under Okla. Stat. tit. 22, §§ 991a(A)(1), (C). Petitioner actually was sentenced under The Oklahoma Drug Court Act, Okla. Stat. tit. 22, § 471. Both the trial court and the Court of Criminal Appeals held that petitioner's prior felony convictions did not bar his eligibility to participate in the DCP.

Furthermore, petitioner has failed to demonstrate he was denied the opportunity to challenge his conviction or sentence. Although was advised at his plea hearing that he had the right to withdraw his plea, and at his sentencing hearing that he had the right to appeal, he did not pursue those avenues for relief. After careful review, the finds petitioner is merely alleging a violation of state law, which cannot be challenged through federal habeas corpus, and he was not denied due process. His ground for federal habeas relief is meritless.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the

Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 9th day of August 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE